ANDREW L. PACKARD (State Bar No. 168690)
ERIK ROPER (State Bar No. 259756)
HALLIE B. ALBERT (State Bar No. 258737)
Law Offices of Andrew L. Packard
100 Petaluma Blvd. N Ste 301
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (415) 763-9227
E-mail: andrew@packardlawoffices.com

ROBERT J. TUERCK (State Bar No. 255741)
Jackson & Tuerck
P. O. Box 148
429 W. Main Street, Suite C
Quincy, CA 95971
Tel: (530) 283-0406
E-mail: bob@jacksontuerck.com

Attorneys for Plaintiff CALIFORNIA
SPORTFISHING PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non profit corporation,<br><br>　　　　　Plaintiff,<br>　vs.<br>VIKING TRUCK & AUTO, INC., a California corporation, and KENNETH HOFFMAN, an individual,<br><br>　　　　　Defendants. | Case No. 2:10-cv-03193-MCE-EFB<br><br>**STIPULATION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE; ORDER GRANTING DISMISSAL WITH PREJUDICE [FRCP 41(a)(2)]** |

TO THE COURT:

Plaintiff California Sportfishing Protection Alliance ("Plaintiff" or "CSPA"), and Defendant Viking Truck & Auto, Inc. ("VTA") and Defendant Kenneth Hoffman (collectively, "Defendants") (collectively, the "Parties") stipulate as follows:

**WHEREAS**, on or about September 3, 2010, CSPA provided Defendants with a Notice of Violations and Intent to File Suit ("CWA Notice Letter") under Section 505 of the Federal Water Pollution Control Act ("Act" or "Clean Water Act"), 33 U.S.C. § 1365;

**WHEREAS**, on or about September 20, 2010, Plaintiff provided notice of Defendant

VTA's alleged violations of California Health & Safety Code Section 25249.5 (also referred to as "Proposition 65") ("Proposition 65 Notice Letter") and of its intention to file suit against Defendant VTA to the Proposition 65 Enforcement Reporting section of the office of the California Attorney General ("California Attorney General"); the District Attorney of each California county containing sources of drinking water potentially impacted by Defendant VTA's alleged violations of Proposition 65; and, to Defendant VTA, as required by California Health & Safety Code Section 25249.5 *et seq.*;

**WHEREAS**, CSPA filed a Complaint against Defendants in the United States District Court, Eastern District of California, on November 29, 2010 ("Complaint") and said Complaint incorporated by reference all of the allegations contained in CSPA's CWA Notice Letter and its Proposition 65 Notice Letter;

**WHEREAS**, CSPA and Defendants, through their authorized representatives and without either adjudication of CSPA's claims or admission by Defendants of any alleged violation or other wrongdoing, have chosen to resolve in full by way of settlement the allegations of CSPA as set forth in CSPA's CWA Notice Letter, Proposition 65 Notice Letter and Complaint, thereby avoiding the costs and uncertainties of further litigation. A copy of the agreement ("Consent Agreement") entered into by and between CSPA and Defendants is attached hereto as Exhibit A and incorporated by reference;

**WHEREAS**, CSPA submitted the Consent Agreement via certified mail, return receipt requested, to the California Attorney General pursuant to California Health & Safety Code § 25249.7(f) and 11 C.C.R. §§ 3001(a) and 3003(b), and the California Attorney General has failed to inform the Parties of any objection to the Consent Agreement;

**WHEREAS**, CSPA submitted the Consent Agreement via certified mail, return receipt requested, to the U.S. EPA and the U.S. Department of Justice ("the agencies") and the 45-day review period set forth at 40 C.F.R. § 135.5 has been completed without objection by the agencies.

**NOW THEREFORE, IT IS HEREBY STIPULATED** and agreed to by and between the Parties that CSPA's claims, as set forth in its 60-Day Notice Letter, Proposition 65 Notice

Letter and Complaint, be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Parties respectfully request an order from this Court dismissing such claims with prejudice. In accordance with Clause 19 of the Consent Agreement, the Parties also request that this Court retain and have jurisdiction over the Parties through September 30, 2013, for the sole purpose of resolving any disputes between the parties with respect to enforcement of any provision of the Consent Agreement.

Dated:  June 23, 2011               Law Offices of Andrew L. Packard


By:_____/s/_____
Erik M. Roper
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

Dated:  June 23, 2011               Downey Brand LLP


By:_____/s/_____
Nicole E. Granquist
Attorneys for Defendants
VIKING TRUCK & AUTO, INC., and,
KENNETH HOFFMAN

**ORDER**

Good cause appearing, and the Parties having stipulated and agreed,

IT IS HEREBY ORDERED that Plaintiff California Sportfishing Protection Alliance's claims against Defendants Viking Truck & Auto, Inc. and Kenneth Hoffman as set forth in CSPA's CWA Notice Letter, Proposition 65 Notice Letter and Complaint filed in Case No. 2:10-CV-03193-MCE-EFB, are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the Court shall retain and have jurisdiction over the Parties, through September 30, 2013, with respect to disputes arising under the Consent Agreement attached to the Parties' Stipulation to Dismiss as Exhibit A.

IT IS SO ORDERED.

DATE: June 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE